ELLIS, Judge.
This is a suit for separation from bed and board on the ground of cruel treatment, filed by Grace Scrimsher, wife of Timothy Toler, against her said husband, consolidated with a suit by Mr. Toler against his wife for a divorce on the ground of adultery.
These cases came before the trial court on a rule for custody of the two' minor children born of the marriage, pendente lite. After trial thereof, judgment was rendered awarding custody of the children to Mr. Toler, and Mrs. Toler has appealed.
The record herein was lodged in this court on September 25, 1975. On October 14, 1975, Mrs. Toler’s counsel filed a motion to withdraw as counsel of record, which motion was granted. No briefs were filed on behalf of either party prior to the date the matter was fixed for argument. On that date, January 12, 1976, Mrs. Toler appeared, in proper person, and requested additional time within which to obtain counsel and file a brief. The court granted her until February 11, 1976, to do so, and granted appellee 15 days thereafter within which to file a reply brief.
As of March 5, 1976, no brief has been filed on behalf of either party. However, since Mrs. Toler did make a personal appearance in court when the case was called for argument, we shall consider her appeal.
The trial judge, for oral reasons assigned, found that there was a pattern of *106 immoral conduct on the part of Mrs. Toler sufficient to render her unfit to have the custody of the children, who are seven and four years of age, and to make it in their best interest to grant custody to the father.
He found her to have been guilty of adultery with more than one man, and of bringing her gentlemen friends into the apartment where she and the children reside. He found that she often frequented bars in the company of men other than her husband, and frequently left her children with sitters of varying competence. He found that she permitted her brother to smoke marijuana in the presence of the children while he was residing in the apartment with them. He further concluded that there was no evidence that Mrs. Toler had changed or intended to change her mode of behavior.
The record in this case is voluminous and we have studied it carefully. We find that the factual conclusions of the trial judge are fully supported by the record. We find no abuse of his discretion in awarding custody pendente lite to the father. See Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
The judgment appealed from is therefore affirmed, at Mrs. Toler’s cost.
AFFIRMED.